IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI-DADE COUNTY, FLORIDA
CIVIL ACTION

U.S. BANK TRUST, N.A., AS TRUSTEE FOR LSF9
MASTER PARTICIPATION TRUST.,

      Plaintiff,

vs.

CASE NO.: 1:2017-CV-21994
DIVISION: CA 08

PAUL SACA A/K/A PAUL J. SACA, et al,

      Defendant(s).
_____/

**PLAINTIFF'S REPLY TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through undersigned counsel hereby files Plaintiff's response in opposition to the Motion to Dismiss filed by Defendant, Paul Saca a/k/a Paul J. Saca, et al, and in support of such motion states as follows:

1. This is a mortgage foreclosure action commenced by the filing of a Complaint on July 31, 2015.

2. Defendants, by and through their attorney, filed a Motion to Dismiss Plaintiff's Complaint on or about October 25, 2017.

3. The "two dismissal" rule, Florida Rules of Civil Procedure 1.420(a)(1), states that "[A] notice of dismissal operates as an adjudication on the merits when served by a plaintiff who has once dismissed in any court an action based on or including the same claim." Fla. R. Civ. P. 1.420(a)(1).

4. However, the "two dismissal" rule does not bar subsequent suits. "The two dismissal rule does not bar a subsequent suit. The two dismissal rule merely states that when the rule applies the dismissal of the second suit operates as an adjudication on the merits. Once there is an adjudication on the merits, it is the doctrine of res judicata which bars subsequent suits on the same cause of action." *Forero v. Green Tree Servicing, LLC*, 223 So. 3d 440, 443 (Fla. 1st DCA 2017).

5. The controlling case law on Florida's "two dismissal" rule as it applies to foreclosure law provides the note holder is not barred from bringing an action subsequent to two prior dismissals because of the doctrine of Res Judicata. *See Id.* Each subsequent default date acts as a new breach; therefore, a new cause of action is created with every missed payment. *Id.* Because a new cause of action is created with missed payments and the "two dismissal" rule only applies to suits based on the same cause of action, a third action is not barred by the "two dismissal" rule. *Id.*

6. Similarly to Florida state law, Federal Rules of Civil Procedure provide rule 41. Fed. R. Civ. P. 41. In applying this rule in federal court in Florida, when a plaintiff files a notice of voluntary dismissal, and the state court subsequently entered an order of dismissal without prejudice upon the plaintiff's notice and motion, the "two dismissal" rule does not bar a subsequent suit. "State court's dismissal of home mortgagor's first action against loan servicer, without prejudice, did not operate as a first dismissal, for purposes of the "two dismissal rule," where mortgagor achieved the voluntary dismissal by motion and order of the court; state court noted that the matter was

dismissed "upon Plaintiff's notice and motion."" *Librizzi v. Ocwen Loan Servicing, LLC,* 120 F. Supp. 3d 1368 (S.D. Fla. 2015); Fed. R. Civ. P. 41(a)(1)(B).

### *Argument*

7. Defendant bases the Motion to Dismiss on the "two dismissal" rule, which Defendant claims to bar the plaintiff from filing a third action. Fla. R. Civ. P. 1.420(a)(1). This is not true as a matter of law.

8. While the Defendant is correct in that the subsequent note holder sits in the shoes of the original note holder procedurally, the third action brought by Plaintiff is not the same cause of action brought in the prior two suits. *Id.; Lauren Kyle Holdings Inc., v. Heath-Peterson Const. Corp.* 864 So. 2d 55, 58 (Fla. 5th DCA 1997).

9. The Defendant has relied on *Singleton v. Greymar Assocs.,* which gives the standard for which we should apply. This standard, of course, is that when two different plaintiffs try to enforce the same note for the same breach, the second dismissal shall operate as adjudication on the merits. *See Singleton v. Greymar Assocs.,* 882, So. 2d 1004, 1006-07 (Fla. 2004). *Forero,* mentioned above, applies this standard. *Forero* at 444. In *Forero,* the court reasoned that because the complaint contained the default language "and all subsequent payments," that third action was not barred because each subsequent payment created a new cause of action causing the third suit to have a different cause of action than the prior suits. *Id.*

10. Here, the Plaintiff's third action is not barred by the "two dismissal" rule because the rule simply says that the second dismissal acts as adjudication on the merits. *Forero* at 443. Because the second dismissal acts as adjudication on the merits, the doctrine of res judicata is applied. *Id.* The doctrine of res judicata does not bar the Plaintiff's third suit because the third action is not based on the same default dates as the prior suits. *Id.* at 444. The default dates of the third suit are different from the prior suits because the complaint contained the language "and all subsequent payments" *Id.*

11. Thus, the Plaintiff has shown that its action is not barred by the "two dismissal" rule and the Defendant's Motion to Dismiss should be denied.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order Denying the Defendant's Motion to Dismiss, and ordering Defendant to file an Answer within twenty (20) days of the date of the Order.

**CERTIFCATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all parties on the attached service list by mail or eService on this 7th day of November, 2017.

                                              Albertelli Law
                                              P.O. Box 23028
                                              Tampa, FL  33623
                                              (813)221-4743
                                              (813) 221-9171 facsimile
                                              eService:  servealaw@albertellilaw.com

                                 By: /s/ Rafael J. Solernou, Jr., Esquire
                                       Rafael Solernou, Esq.
                                       Florida Bar No.: 86579
                                       JAMES E. ALBERTELLI, P.A.
                                       P.O. Box 23028
                                       Tampa, FL 33623
                                       Telephone:   (813) 221-4743
                                       Facsimile:    (813) 221-9171
                                       ATTORNEYS FOR DEFENDANT
                                       eService:       servealaw@albertellilaw.com
                                       eService:       rsolernou@albertellilaw.com

JD - 15-184535

## Service List

Paul Saca a/k/a Paul J. Saca
c/o Bruce Lamchick
9350 South Dixie Highway, Penthouse Three

LAMCHICK LAW GROUP, P.A.
Miami, FL 33156
E-Serve 1:  assistant@lamchick.com, E-Serve 2:  secretary@lamchick.com


Unknown Party #1 n/k/a Silva Lougones
1600 34th Avenue NW
Miami, FL 33125